**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **I.D. No. 1409011585** |
| | ) | |
| **GABRIEL PARDO,** | ) | |
| **Defendant.** | ) | |

Submitted: October 21, 2015
Decided: October 27, 2015

*Upon Defendant's Motion for Recusal*
*Limited to Issue of Counsel's Withdrawal*
**DENIED**

Defendant has filed a Motion for Recusal Limited to Issue of Counsel's Withdrawal, and the State has notified the Court that it does not oppose this motion. In consideration of Defendant's motion, the Court finds as follows:

1. This matter was tried without a jury from September 29, 2015, and it concluded with a verdict on October 2, 2015. Defendant was represented at trial by Joe Hurley, Esquire. In a criminal case, defense counsel is obligated to represent a client at least through the filing of an appeal.[1] After an attorney complies with Rule 26(a) by filing an appeal, an attorney "may withdraw only upon written motion and order of the Court."[2]

2. Defense counsel has also filed a motion to withdraw as counsel, and has represented that certain disclosures will be required for the Court to give full and fair consideration to his motion to withdraw, which disclosures, according to defense counsel, may create a bias towards Defendant for the purpose of sentencing.

3. However, any such disclosures are not only unnecessary but are inconsistent with defense counsel's obligations as a Delaware lawyer. The Delaware Lawyers' Rules of Professional Conduct address the balancing of

---

[1] Delaware Supreme Court Rule 26(a).
[2] Delaware Supreme Court Rule 26(d).

interests that is required when it may become necessary or appropriate for a lawyer to seek permission to withdraw as counsel. Rule 1.6 addresses the very limited circumstances under which a lawyer is required to reveal or may reveal confidential information related to the representation of a client. Rule 1.16 addresses the limited circumstances under which terminating representation is either mandatory or permissive. Rule 3.3 requires candor toward the tribunal.

4. It should not be necessary to disclose confidential information for the Court to full and fairly consider defense counsel's motion to withdraw. The Rules of Professional Conduct expressly address situations in which the request to withdraw may require balancing of the lawyer's obligations to maintain client confidences and to abide by the duty of candor toward the tribunal. As set forth in Comment 3 to Rule 1.16, if defense counsel has concluded that professional considerations require withdrawal, then defense counsel's "statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."

5. The State's reliance upon *State v. Jackson*[3] is misplaced. The State cites *Jackson* for the proposition that exposure by a judge in a criminal case to information shared by a defense lawyer led to a post-conviction legal challenge. The State correctly states that the Delaware Supreme Court rejected the challenge, but the State suggests that limited recusal would "obviate such challenges in this case." While this Court appreciates the State's desire to eliminate bases for postconviction challenges, the *Jackson* Court notes that the trial court characterized defense counsel's sidebar remarks about his client as "'improper, unprofessional, unbecoming a member of the Delaware Bar, and most troubling…'" However, the State misses the point of *Jackson* which is that this information should not be revealed to the Court in the first place.

6. The Court recognizes that there are certain circumstances which require judges to disqualify themselves. "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."[4] However, a judge has a duty not to recuse or disqualify "in the absence of a *bona fide* disqualifying condition, as defined in [Delaware Judges' Code of Judicial Conduct] Rule 2.11, such that the judge is not genuinely convinced of the need for

---

[3] 21 A.3d 27, 33 (Del. 2011).
[4] Del. Judges' Code of Judicial Conduct R. 2.11 (A).

recusal or disqualification."[5] Here, recusal is unnecessary and, indeed, counter-productive. Rather than seek recusal so that defense counsel can reveal information that may prejudice his client, defense counsel should proceed consistent with his professional obligations and strictly limit disclosures to the Court. [6] As noted in Comment 15 to Rule 3.3, "a lawyer may reveal information relating to the representation only to the extent reasonably necessary to comply with [Rule 3.3] or as otherwise permitted by Rule 1.6."

7. The Court has requested that defense counsel notify the Court regarding Defendant's position on the motion to withdraw. The Court notes that if Defendant has terminated the representation, then the Court's inquiry would be very limited. Since defense counsel has been privately retained in this matter, then substitution of counsel by Defendant would avoid any disclosures at all.

**NOW, THEREFORE, this 27th day of October, 2015, for the reasons stated herein, Defendant's Motion for Recusal Limited to Issue of Counsel's Withdrawal is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[5] *State v. Desmond*, 2011 WL 91984, at *10 (Del. Super.).

[6] Counsel for Mr. Jackson was none other than Mr. Hurley. Accordingly, Mr. Hurley is specifically on notice that revelation of confidential information compromises his professional obligations and this prior experience presumably forms the basis for his request for limited recusal. Nevertheless, Mr. Hurley similarly misses the lesson of *Jackson*, which is that the information should not be revealed to the Court.

3